IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MAURICE R. GOINS, | ) |
|           Petitioner | ) |
| vs. | ) Civil Action No. 09-1484 |
| | ) Judge Arthur J. Schwab/ |
| | ) Chief Magistrate Judge Amy Reynolds Hay |
| JEFFREY A. BEARD, Secretary of Corrections, | ) |
|           Respondent | ) |

## REPORT AND RECOMMENDATION

I.    Recommendation

It is respectfully recommended that the habeas petition, filed pursuant to 28 U.S.C. § 2254, be dismissed prior to service as being second or successive and that a certificate of appealability be denied.

II.    Report

Maurice R. Goins ("Petitioner"), a state prisoner, convicted of third degree murder, is now serving a 20 to 40 year sentence in a State Department of Corrections prison. He was convicted in Allegheny County at Common Pleas Court docket CC199808059, of which this Court takes judicial notice.[1] He was sentenced on November 9, 1999. The Court takes further judicial notice of the fact that Petitioner has previously filed a habeas petition pursuant to Section 2254 which challenged the very same conviction as he challenges herein and which was

---

[1] The docket sheet for CC199808059 may be found at

http://ujsportal.pacourts.us/DocketSheets/CPReport.aspx?matterID=79892218

dismissed as untimely. Goins v. Gillis, No. 04-1300 (W.D. Pa. Dkt. 18 (Report) & Dkt. 20 (order adopting Report)). The Court of Appeals denied a certificate of appealability. Goins v. Gillis, No. 05-3507 (3d Cir. Oct. 6, 2005). Petitioner filed a second Section 2254 habeas petition but then voluntarily withdrew it before the Court could take any action on it. Goins v. Beard, No. 08-cv-1037 (W.D. Pa. Dkt. No. [6] voluntary dismissal).

Petitioner also recently filed on July 14, 2009, what purported to be a petition for coram nobis, attacking the very same conviction, and which was dismissed by the Court pre-service on December 2, 2009. Goins v. Pennsylvania, No. 09-213 (W.D. Pa.).

In the interim, Petitioner filed on November 6, 2009, the present petition, a third Section 2254 petition, seeking to attack the very same 1999 State Court conviction, alleging, inter alia, that the State Court lacked subject matter jurisdiction to try him because of alleged defects in the drafting and adoption of the State Constitution of Pennsylvania, and/or in the enactment of the Pennsylvania Crimes Code, in addition to a claim that he was prosecuted under a repealed section of the crimes code. Petitioner also claims that he was prosecuted under Court rules enacted by the State Supreme Court in violation of Article V, Section 4, of the United States Constitution which guarantees to the States a republican form of government. Dkt. [1-2] at 13 to 14.[2] Petitioner expounds upon these themes in his Memorandum of Law. Dkt. [1-3]. Because this petition is second or successive within the contemplation of AEDPA, it should be dismissed due to this Court lacking subject matter jurisdiction over it.

---

[2] In addition, Petitioner complains that there is no showing that an Article 6, Clause 3 judge is in attendance for the business at hand. Dkt. [1-2] at 14. To the extent that there is any merit to Petitioner's contentions concerning the qualifications of the judge deciding this petition, then there is no qualified judge who could order him any relief, if indeed, he were entitled to relief.

    A.     Factual and Procedural History[3]

After pleading guilty to third degree murder and robbery and after being permitted to withdraw his guilty plea, Petitioner proceeded to trial before a jury, which convicted him of third degree murder in September 1999.  After exhausting his State Court remedies, having filed both a direct appeal and at least one PCRA petition and appeal thereof, Petitioner commenced his first Section 2254 petition on August 23,  2004, by executing his Section 2254 petition and IFP motion, which the Court dismissed as time barred.  Goins v. Gillis, No. 04-1300 (W.D. Pa. Dkt. 18 (Report) & Dkt. 20 (order adopting Report)).

Petitioner made other filings in the Allegheny County Court of Common Pleas, including a "Motion for Proof of Jurisdiction" and a "Motion for Judicial Notice" on February 15, 2007, as well as a "Motion to Vacate a Void Judgment" on August 14, 2007, as well as a "Petition for Quo Warranto" on October 25, 2007.

Thus far unsuccessful in his repeated creative attacks on his conviction, Petitioner now seeks to invoke the Federal Court's habeas jurisdiction to again attack his 1999 State Court conviction, which  he has previously unsuccessfully attacked via a Section 2254 petition in this very same Court.

    B.     Discussion

        1.     Rule 4

 The petition has not been served yet but pursuant to Rule 4 of the Rules Governing Section 2254 cases, this Court may dismiss the petition if it plainly appears on its face that the

---

[3] Much of the history is taken from the record in Petitioner's first Section 2254 case and the docket of the Allegheny County Court of Common Pleas in Petitioner's criminal case.

petitioner is not entitled to relief under habeas. The Court concludes that it plainly appears from the face of the petition that Petitioner is not entitled to relief.

Rule 4 of the Rules governing Section 2254 cases provides in relevant part that:

> The [Section 2254] petition shall be examined promptly by the judge to whom it is assigned. If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified.

In interpreting Rule 4 of the Rules Governing Section 2254 Proceedings, the Advisory Committee Notes to Rule 4 observe that

> 28 U.S.C. § 2243 requires that the writ shall be awarded, or an order to show cause issued, "unless it appears from the application that the applicant or person detained is not entitled thereto." Such consideration, may properly encompass any exhibits attached to the petition, including, but not limited to, transcripts, sentencing records, and copies of state court opinions. The judge may order any of these items for his consideration if they are not yet included with the petition.

In addition to ordering state court records, dockets and/or opinions, a federal habeas court may take judicial notice of those state court records, dockets and/or state court opinions as well as federal court records. See, e.g., United States ex. rel. Martin v. Gramley, No. 98 C 1984, 1998 WL 312014, at *1 (N.D. Ill. June 3, 1998)(In a Rule 4 summary dismissal, the court took "judicial notice of the opinion of the Illinois Appellate Court in this case."); Barber v. Cockrell, No. 4:01-CV-930, 2002 WL 63079, at *1 (N.D. Tex. Jan. 8, 2002)(in a Rule 4 case, the court stated that from "the face of the petition, and from [state] court records of which this Court can take judicial notice, the court determines that this is a successive petition. . . ."). Accordingly, in deciding this petition, this Court takes judicial notice of its own dockets as well as the Court of Appeals dockets.

This power of the Court to summarily dismiss a petition which, considered along with items annexed thereto and things of which judicial notice may be had, shows on its face that the petitioner is not entitled to relief, includes the power of the Court to dismiss the petition where it discloses that it is not in compliance with AEDPA's second or successive requirements. Mickens v. Chamberlain, No. 2:08-CV-950, 2008 WL 4298536 (W.D.Pa., Sept. 17, 2008); Scott v. Klem, NO. 4:CV-05-1337, 2005 WL 1653165 (M.D.Pa., July 12, 2005).

        2.        The Court Lacks Jurisdiction under § 2244(b)(4)

AEDPA greatly restricts the power of federal courts to award relief to state prisoners who file second or successive Section 2254 applications. Tyler v. Cain, 533 U.S. 656 (2001). In AEDPA, Congress enacted strictures on the filing of second or successive habeas petitions in response to the abuse of the habeas writ by prisoners. See Chambers v. United States, 106 F.3d 472, 475 (2d Cir. 1997) ("The purpose of the gatekeeping restrictions was to prevent abuse of the habeas writ."). Congress provided that "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).

The allocation of these gatekeeping responsibilities to the Court of Appeals provided by Section 2244(b)(3)(A) has essentially divested the District Courts of subject matter jurisdiction over habeas petitions that are second or successive within the meaning of that subsection. See, e.g., Robinson v. Johnson, 313 F.3d 128, 140 (3d Cir. 2002)("From the district court's perspective, it [i.e., Section 2244(b)(3)(A)'s gatekeeping assignment to the Courts of Appeals] is an allocation of subject-matter jurisdiction to the court of appeals."). The gatekeeping provisions

of AEDPA provide that if the prisoner asserts a claim that he has already presented in a previous federal habeas petition, the claim must be dismissed by the Court of Appeals in all cases. 28 U.S.C. § 2244(b)(1). And if the prisoner asserts a claim that was not presented in a previous petition, the claim must be dismissed by the Court of Appeals unless it falls within one of two narrow exceptions. One of these exceptions is for claims predicated on newly discovered facts that call into question the accuracy of a guilty verdict. § 2244(b)(2)(B). The other is for certain claims relying on new rules of constitutional law. § 2244(b)(2)(A). However, even if a habeas petitioner's second or successive petition falls within either of these categories, he may not simply come to the District Court and file his second or successive petition, rather he must seek leave of the Court of Appeals to do so. In other words, he must convince, in the first instance, the Court of Appeals that his second or successive petition comes within this narrow exception permitted by AEDPA and have the Court of Appeals grant him leave to file such second or successive petition. 28 U.S.C. § 2244(3)(A).[4]

AEDPA does not define the phrase "second or successive." Christy v. Horn, 115 F.3d 201, 208 (3d Cir. 1997)("While the AEDPA requires this procedure for second or successive application, it does not define what is meant by 'second' or 'successive.'"). It is true that a numerically second petition is not "second or successive" within the contemplation of AEDPA if it attacks a different criminal judgment or if the earlier petition terminated without a judgment, as for example where the earlier petition was dismissed without prejudice for failure to exhaust state court remedies. See, e.g., Stewart v. Martinez-Villareal, 523 U.S. 637 (1998); Pratt v. United

---

[4] Section 2244(3)(A) provides that "**[b]efore** a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." (emphasis added).

States, 129 F.3d 54, 60 (1ˢᵗ Cir. 1997); Christy v. Horn, 115 F.3d at 208.

Under Section 2244(b)(3)(A), a second petition may not necessarily constitute a "second or successive petition" within the meaning of subsection (3)(A). The Supreme Court construed § 2244(b) in a manner that avoids an overly literal construction of the term "second or successive" petition, recognizing that some types of "second" petitions do not implicate the judicially developed abuse-of-the-writ principles that were the basis for AEDPA's statutory restrictions. See Stewart v. Martinez-Villareal, 523 U.S. 637 (1998).

In Stewart, the Court held that §2244(b)(3)(A) authorization was not required because although petitioner's claim that he could not be executed due to the fact that he was incompetent to be executed, had been raised in his earlier petition, the earlier petition was dismissed without prejudice as premature. "This may have been the second time that respondent had asked the federal courts to provide relief on his Ford claim," the Court explained, "but this does not mean that there were two separate applications, the second of which was necessarily subject to § 2244(b)." Id. at 643. This claim was not a "second or successive" petition under AEDPA because Martinez-Villareal "brought his claim in a timely fashion, and it has not been ripe for resolution until now." Id. at 645. The Court expressly stated that a later petition should not be considered successive when the earlier petition was dismissed without prejudice for failure to exhaust state remedies, and that AEDPA should not be construed so that the dismissal of an earlier petition "for technical procedural reasons would bar the prisoner from ever obtaining federal habeas review." Id. at 645. Essentially, where a first petition was brought and dismissed but not addressed on the merits, a second petition challenging the same conviction is not subject to the requirement that the petitioner apply to the Court of Appeals for permission to file the

second petition.

In contrast, where a prior petition was addressed on the merits and the subsequent petition raises issues that could have been raised in the first petition or, otherwise constitutes an abuse of the writ, the subsequent petition is "second or successive" within the meaning of subsection (3)(A) and cannot be filed in the district court without authorization from the Court of Appeals. See, e.g., Whab v. United States, 408 F.3d 116, 118 (2d Cir. 2005)("for a subsequent petition to be considered 'second or successive,' bringing into play AEDPA's gatekeeping provisions, the disposition of an earlier petition must qualify as an adjudication on the merits."); Greene v. White, 223 F.3d 1001, 1002 n.1 (9th Cir. 2000)("The present petition is not a 'second or successive petition' because the earlier petition, filed in 1993, was not adjudicated on the merits.").

In his instant petition, Petitioner is challenging the very same convictions which he challenged in Goins v. Gillis, No. 04-1300 (W.D. Pa. Dkt. 18 (Report) & Dkt. 20 (order adopting Report)), his first habeas petition. Because the Court dismissed that first petition as being time barred, and such dismissals constitute an adjudication on the merits for purposes of AEDPA's second or successive bar, the current petition is second or successive within the meaning of AEDPA. Murray v. Greiner, 394 F.3d 78, 81 (2d Cir. 2005) (holding an earlier petition dismissed on the basis of AEDPA's statute of limitations barred a second petition because the prior dismissal based on the statute of limitations constituted an adjudication on the merits, rendering the second petition second or successive within the meaning of AEDPA); Bottone v. United States, 350 F.3d 59, 63 (2d Cir. 2003)("a petition that has been dismissed as time-barred has been decided on the merits and renders any subsequent petition second or successive under

AEDPA").

While it is Petitioner's burden to show that he sought and received permission from the Court of Appeals to file a second or successive Section 2254 habeas petition in this Court,[5] and he has failed to carry that burden and this is sufficient to recommend dismissal of the instant petition for lack of subject matter jurisdiction, the Court in addition takes judicial notice of the computerized dockets of the Court of Appeals, which fail to show that Petitioner has sought or received from that Court permission to file this second or successive petition.  Therefore, the habeas petition must be dismissed because this Court lacks subject matter jurisdiction over such second or successive petitions.  Robinson v. Johnson, 313 F.3d 128, 139 (3d Cir. 2002)("[w]hen a second or successive habeas petition is erroneously filed in a district court without the permission of a court of appeals, the district court's only option is to dismiss the petition or transfer it to the court of appeals pursuant to 28 U.S.C. § 1631."); United States v. Enigwe, No. 92-00257, 1998 WL 670051, at *4 (E.D.Pa. Sept. 28, 1998)("AEDPA's prior approval provision allocates subject-matter jurisdiction to the court of appeals by stripping the district court of jurisdiction over a second or successive habeas petition unless and until the court of appeals has

---

[5] See Ocadio v. Ives, NO. CIVS08-2331, 2009 WL 4157652, at *1 (E.D.Cal., Nov. 19, 2009)("the petition is second or successive and petitioner has not demonstrated that the Ninth Circuit has granted him leave to file it in this court."); Manna v. Schultz, NO. CIV.A. 09-1185, 2009 WL 3415161, at *5 (D.N.J., Oct. 20, 2009)("Petitioner has not alleged facts to bring this Petition within the gatekeeping requirement of § 2255 permitting 'second or successive' petitions"); Roberts v. Chase, No. CV 1:09-089, 2009 WL 3055272, at *2 (S.D.Ga. Sept. 24, 2009)("Petitioner has not stated that he has received permission from the Eleventh Circuit Court of Appeals to file a second or successive application for a writ of habeas corpus. Furthermore, this Court has received no authorization to address such an application from Petitioner. As a result, this Court lacks the authority to address Petitioner's application."); Owens v. Roy, NO. CIV.A. 4:08CV227, 2009 WL 2997074, at *1 (E.D.Tex., Sept. 14, 2009) ("Petitioner has failed to show that the Fifth Circuit granted him permission to file a successive petition.").

decreed that it may go forward.")(quoting Pratt v. United States, 129 F.3d 54, 57 (2d Cir. 1997)), aff'd, 248 F.3d 1131 (3d Cir. 2000) (unpublished).

    C.    Certificate of Appealability

A certificate of appealability should be denied because jurists of reason would not find it debatable that the instant case is second or successive and this Court lacks jurisdiction over it.

III.    Conclusion

Pursuant to the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.D.2 of the Local Civil Rules, the parties are allowed to file objections in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation. Failure to timely file objections may constitute a waiver of any appellate rights. Any party opposing objections may file their response to the objections in accordance with Local Civil Rule 72.D.2.

Respectfully submitted,

/s/ *Amy Reynolds Hay*
Chief United States Magistrate Judge

Dated: 6 January, 2010

cc:    The Honorable Arthur J. Schwab
      United States District Judge

      Maurice R. Goins
      EB-7972
      SCI Fayette
      Box 9999
      LaBelle, PA 15450-0999